IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIE JAMES TERRELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 1:14-CV-139-WLS-TQL |
| | : 42 U.S.C. § 1983 |
| VIKI S. BASS, *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

*Pro se* Plaintiff Willie James Terrell has filed a complaint under 42 U.S.C. § 1983 and seeks to proceed without prepayment of the required filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (Docs. 1, 2.)

Pursuant to 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act (PLRA), "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of § 1915(g) in concluding that the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998).

Plaintiff has filed numerous § 1983 complaints in the Northern, Middle, and Southern District Courts of Georgia, and at least three of his cases were dismissed under circumstances that constitute "strikes" for purposes of § 1915(g). *See Terrell v. Grady Memorial Hosp.*, No. 09-

13077-D (11th Cir. Jan. 20, 2010) (appeal dismissed as frivolous); *Terrell v. Grady Memorial Hosp.*, 1:08-cv-3931 (N.D.Ga. May 29, 2009) (case dismissed as frivolous); and *Terrell v. Fulton County*, 1:09-cv-513 (N.D.Ga. May 26, 2009) (case dismissed as frivolous). Plaintiff has also had at least one prior § 1983 case dismissed under the "three-strikes" provision previously. *See Terrell v. Owens, et al.,* 1:12-cv-028 (N.D.Ga. May 25, 2012) (case dismissed pursuant to 28 U.S.C. § 1915(g)).

Because Plaintiff has at least three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Plaintiff must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

In the instant complaint Plaintiff sues Viki S. Bass, S. Brown, Mrs. Bell, Melvin Jones, Alan Carter, and Mr. Nobles. (Compl. p. 3; Doc. 1.) Specifically, Plaintiff alleges that he was has been denied law library time and that the Defendants allowed him to be stabbed on March 18, 2014, by a fellow inmate. Even construing Plaintiff's complaint liberally in his favor, it is clear that these allegations do not satisfy the imminent danger exception. Plaintiff's claims of assault do not reveal a present danger, but merely acknowledge events which happened more than six months ago. *See Medberry,* 185 F.3d at 1193. Plaintiff has alleged no recent threats of injury. Furthermore, Plaintiff's allegations that he was denied law library time do not allege a threat of physical injury. As such, Plaintiff has wholly failed to allege imminent danger of serious physical injury.

On October 14, 2014, Plaintiff filed an amended complaint[1] wherein he seeks to add new claims and seeks to consolidate this case with another case he previously filed in this Court, namely, *Terrell v. Olens, et al.,* 1:14-cv-120-WLS (M.D.Ga. Aug. 18, 2014). (Am. Compl. p. 3; ECF No. 7). Plaintiff's previous case, however, was recently dismissed under the three strikes provision of 28 U.S.C. § 1915(g). (*See* 1:14-cv-120 at ECF No. 7). Thus, Plaintiff's motion to consolidate these cases is **DENIED as MOOT**. As to the claims Plaintiff seeks to add in this case, said claims do not sufficiently allege imminent danger of serious physical injury. In his amended complaint, Plaintiff seeks to add claims of nepotism within the prison, and the effects of said "Family Relations and Discriminatory Animus." Plaintiff further appears to allege that he was moved from the "L1 Dorm" to the "H1" dorm at the direction of Defendant Nobles "having Warden Ted Philbin unknowing[ly] sign off on Mr. Noble['s] ploy to put [Plaintiff] by the Bldg. where he was stabbed in retaliation." These claims fail to invoke any exception to the three strikes provision of 28 U.S.C. § 1915(g).

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.[2]

So ORDERED this   17th   day of October, 2014.


/s/  W. Louis Sands
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Pursuant to Federal Rules of Civil Procedure Rule 15, Plaintiff is authorized to amend his complaint.

[2] As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.